**William H. BUTHERUS, husband; Jeanette Butherus, wife, Plaintiffs–Appellants,**

**v.**

**BREMERTON SCHOOL DISTRICT, a Washington State Agency; Carol Whitehead, Former Superintendent, Bremerton School District; Greg Robert, Personnel Director, Bremerton School District; Gary Simon, Principal, Bremerton Junior High School, Defendants–Appellees.**

No. 02–35329.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided June 19, 2003.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

Before: LAY,* FERGUSON, and GOULD, Circuit Judges.

MEMORANDUM **

William Butherus and his wife, Jeanette Butherus, challenge the district court's decision to grant summary judgment in favor of the Bremerton School District and various school officials. Mr. Butherus, a teacher at Bremerton Junior High School, claims he presented a prima facie case for age discrimination, religious discrimination, First Amendment violations, negligent retention, and intentional infliction of emotional distress. We reject Mr. Butherus' claims. The record does not contain sufficient evidence to establish a prima facie case for any of his allegations.

We also reject Mr. Butherus' contention that the school officials are not entitled to qualified immunity. Under *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), state officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mr. Butherus has not produced any evidence showing the school officials violated his constitutional rights. The officials are thus entitled to qualified immunity.

The district court also correctly rejected Mr. Butherus' claim for punitive damages and Mrs. Butherus' claim for loss of consortium. Both claims fail because Mr. Butherus has not established a prima facie case for his underlying causes of action.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See, e.g., Smith v. Wade,* 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (holding a plaintiff must show the defendant violated his civil rights with reckless disregard or with evil intent before recovering punitive damages); *Conradt v. Four Star Promotions, Inc.,* 45 Wash.App. 847, 728 P.2d 617, 621 (Wash.Ct.App.1986) (holding there can be no claim for loss of consortium if no tort is committed against the impaired spouse).

While the district court likely erred when it characterized certain statements made by the Bremerton teachers as inadmissible hearsay, the error does not affect the outcome of the case. Even if we consider the evidence deemed inadmissible by the district court, Butherus still failed to establish a prima facie case for any of his claims. Accordingly, the district court is AFFIRMED.